Case number 14-5099 USA v. Quincy Fuqua and case number 15-5515 USA v. Quincy Fuqua oral arguments not to exceed 15 minutes per side. Mr. Terry for the appellant. I recognize that we've got two appeals consolidated, we've got multiple issues, but we are somewhat pressed for time, so I would appreciate if counsel would limit it to 10 minutes each side rather than 15. Do your best anyway. Your Honor, I hear you. It makes it very difficult for us. I recognize it, but your briefs are good, and I can assure you we've read your briefs. Could I bring up something before the time begins? Your time begins right now, no? It's running. What I would bring up is that there's an exhibit called Exhibit 8E, and Exhibit 8E is one of the reasons that we asked for oral argument. It's very important. It's an important issue in the case. It's a plastic bag that contains seven other plastic bags, and this week I learned that Exhibit 8E is in Nashville. It's not in Cincinnati, so it's not in this courtroom. There are pictures of Exhibit 8E that are in this record, and they can be shown to the court today, I'm informed by the clerk, if we can take a look at them. I mean, we don't, well, I leave it to the judge. I mean, I don't have a need to see it here as opposed to at a different time. I don't think I do either. The briefs carefully describe it. It's a bunch of Ziplocs after the fact put into the black plastic bag, and we understand you're unhappy because those weren't at the scene. What I would ask the court to do is allow me to have Exhibit 8E sent to this court and have you examine it next week. It's an exhibit. There is a black bag, but it's not a black bag. All right. We know it's there. If we decide we need it, we will get it. How about that? All right. Thank you for bringing it to our attention, and we will consider it. And I would like to point out also that there are pictures of the exhibit if you don't bring that exhibit here. You're asking us to examine it. I understand that. And I'm asking you to take a look at these pictures also. You know, I mean, on the merits of this issue, two things. One, it's not, there's no objection to the admission of 8E, right? So it's plain error review, right? There's no, but there's no objection to the admission of the black bag. Right. But what went in as Exhibit 8E is not one black bag. But there's no objection to that being admitted to evidence in the form that you're now finding objectionable. No, there is an, yes, there is an objection to this evidence because it's- At trial. That's what, you didn't preserve this at trial, so we review it for plain error is all I'm trying to establish. Right. Right? I'll accept that, Judge, but we never agreed that 8 exhibits would go in. Right. We didn't know that 8 exhibits were going in. Well, but it's your obligation at trial, if you don't like the form of an exhibit, to tell the district judge that. The exhibit that was going in was the black bag that had some marijuana in it. What happened was what actually went to the jury room was a- When did it change? When did it change? Yeah. I mean, are you saying it went to the jury room in a different form than it was admitted at trial? The only thing that was admitted, the only thing that we agreed was relevant and admissible was the black bag with the marijuana in it. And it was, what went to the jury room was a plastic bag that had 7 other bags in it, one of them being the black bag, and then 6 bags that came from the toxicologist analysis, none of which were relevant or material, and which the jurors saw and asked questions about. And then post-trial, when we took the bag apart and the technician came in, all of those bags came out, and they were little baggies, but they were put there by the lab technician, and they weren't even in the house where this- I don't recall if you were the trial counsel. I was. Okay. You advised the district court to answer no. You may not. Yes, that's correct. And the district court answered according to your request. The district court asked for our advice. The district court made that decision, but at that point- I mean, certainly it would seem that any complaint about the district court's handling of that inquiry is not only forfeited, but waived outright, because, I mean, which makes it totally non-reviewable. But think about the circumstance, Judge. Okay. You're sitting there, the jury's out, and it's been out for a bit. They come back with a question, and now you see what the problem is, that you can't just open this bag and begin to show them the different bags. The whole problem has to be corrected. Those bags have to be explained. What are those bags doing in there? They weren't in Booker Street. They came from the lab technician. So just opening the bag during jury deliberation wouldn't have done anything. We needed an evidentiary hearing to explain what had happened, and we didn't get that. We got that post-trial, and it showed what had happened. All right. But the jury saw photographs of the bag at the scene as it was, right? Yes. But I've got to stop this discussion in order to get to some other issues, if I can. I have 4 minutes and 30 seconds left. That's fine. I mean, you chose to raise about 10 issues, which, you know, that was your choice in the briefs. But let me get it your way. Yes. Okay. So the first issue I want to get to is there's no federal drug felony in this case. All right. There's three counts in the indictment against us. The first one we admit. The second one is possession of marijuana with the intent to distribute. The third one is the 924C charge. Don't the scales and $1,600 in cash on your client's person allow a rational jury to find that he, in fact, was distributing? Maybe he had sold it all recently, but he's a distributor. It's not. That's not the point. Under 841B4, unless there's proof of remuneration, and if the quantity is small, this is a misdemeanor. When you refer to money, anybody, anybody who is caught with an amount of marijuana is going to have some money somewhere. That's not the requirement. $1,600 in your pocket is, I mean, that's more than most people have. But that's not the requirement, Judge. The judge is proof of remuneration. And if you had $1,600 in your bank or $1,600 in your pocket, it would be expected, probably, for anybody who gets caught with any drugs. And it doesn't mean that they're selling drugs. And that's not the issue. The issue is that under— Your argument would have to be not that it doesn't, but that it is incapable of demonstrating the sale of drugs. If there's no— It's simply incapable of permitting that sort of inference. It would be your argument, I think. If there's a small amount of marijuana, yes, and there's no proof of remuneration, it is not—you cannot have a federal drug felony. You're begging the question on point two. The question is whether the possession of marijuana and a not insignificant amount of money is capable of being interpreted such by the jury. If that's all you have, it is not. You must have proof of remuneration. You can't— Beg the question again. Is $1,600 remuneration enough? No, it's not remuneration at all. It's money in your pocket. It's not remuneration. We look at this in the light most favorable to the government at this point. You cannot take $1,600 and assume that there was a sale, and you have to do that in order to fulfill the remuneration. Throw in the scales. Now maybe we're getting somewhere about a sale.  Scales plus $1,600? That the only explanation for the scales would be that somebody must be selling? And again, the point is not— The law is very clear. The law is very clear that it's not their obligation to exclude every conceivable theory. That's not the standard. Your argument is possession of $1,600 is not illegal. Possession of a small amount of marijuana is insignificant. Possession of a set of scales is not illegal. No. And all these things together are incapable of giving rise to any inferences. My argument is that there is a specific section in the drug law that says that this is not a felony. It's a misdemeanor. But I need to go to one more argument, and I'm going to move to sentencing very quickly because I don't have much time here. And the two enhancements are illegal. You cannot—it's clear. You can read in the guidelines, the Sentencing Commission's lawyer's handbook, that you cannot enhance a felony if you have a 924C. You cannot put a weapons-related enhancement on it. That happened here twice. The worst one is the attempted murder, specific characteristics related to attempted murder. That, it's clear. The U.S. Probation Department, the PSR, in this case, says you can't do it. And the district judge went ahead and did it. The cases say it. The Sentencing Commission says it. It's just simple and clear. If you're convicted— Any further questions for Mr. Terry? I understand your argument. Thank you. Thank you. Thank you for your patience today, too, as well. Good afternoon. Good afternoon again. Phil Webby for the United States Attorney's Office, Middle District of Tennessee, appearing on behalf of the appellee in this case. How about this 924C, the argument that your opposing counsel just made, the enhancement? I would disagree that that's the law. I think it's incorrect. This, obviously, is very complicated. There is no specific firearm enhancement that applies on that cross-reference provision. He was convicted, and the one count, as Mr. Terry had alluded to, that was not in dispute, was he freely admitted, essentially, even though we were put to our burden, that he was a convicted felon in possession of the .44 revolver. However, because of the shooting at the police officer, it crossed-referenced over to the attempted murder. And in that instance, that's what gave rise to the enhancement. Which one of these convictions now becomes the level for attempted murder, right? Yes. Well, the way it plays out, Your Honor, in order to do the guideline calculation, we had filed an 851 enhancement on the marijuana trafficking charge, so he was looking at 10 years because he was not an armed criminal on the firearm possession and 10 years if convicted on the 841 violation. The conduct, what you do, the judge would have gone under, and correctly so, under 2K2.1 and then followed the cross-reference provision over to attempted murder. Once you arrive at the appropriate guideline to account for the conduct of the defendant, which in this case included shooting at a police officer, so that gave an additional rise of six levels under the official victim enhancement. Once you arrive at that guideline range, that guideline range exceeded the 10-year statutory maximum on each count, particularly the gun count. So what happens is that sentence is then apportioned under the guidelines to effectuate that sentence. So that results in some consecutive sentencing. I will note for this case, the 924C conviction that the defendant had, at this time that predated a lien, and so there was no special verdict form submitted to the jury in that particular case. So instead of looking potentially at a 10-year mandatory minimum in that case, he ended up getting a five-year mandatory minimum at sentencing consecutive to the other count. That was in recognition of a lien? Yeah, I believe it was after a lien because the judge never, because it increased, it would have increased the mandatory minimum. So the judge preempted any lien error? At that point, the judge only imposed the five-year. Well, I think arguably he would have been within his right based on the facts, even though there is a mandatory minimum of five up to life imprisonment, that he could have justified a greater sentence or a variance from that particular conviction. However, I just point that out to the court. If I may, what about Mr. Terry's argument that you cannot have this cross-reference to attempted murder when in the same case you have a 924C conviction? I would simply submit that the district court was correct in the court's analysis. Did the probation office think that Mr. Terry's argument was correct? The probation office did not apply the cross-reference. The government lodged an objection, and I don't have the docket cited in that, in the district court upon hearing the proof at the sentencing hearing. Why is the district court right, though? I mean, why is Mr. Terry wrong in saying once there's a 924C in the case, you can't pile on some gun-related conduct? Well, because it doesn't specifically deal with a weapons enhancement. For example, if you were under 2D1.1, just for an example, you would not get the two-level bump for possessing a gun in connection with drug trafficking if you were convicted of a drug offense. That's not the same scenario we have here. We do not have that specificity. You could have tried to strangle the officer. Correct. There are other ways. It's not specific to gun conduct. It's not specific. It could have been someone who was trying to harm the officer in another way. But I would just point out to the court that he got there because the direct testimony from the officers, I'm sure the court is aware, is that this defendant fired directly at him, and that warranted the cross-reference over. The officer was clearly marked in police raid gear. They had identified themselves repeatedly, themselves, as they made entry. There was also the public address system and blue lights flashing. So the defendant shot him or shot at him, causing the officer to return fire. So just submit to the court that there was ample evidence in the record to support what the judge did at sentencing in arriving at the sentence that the judge imposed. And I will note the way the judge broke it down, he ultimately gave the defendant, in addition to five years less that he may have been looking at because of the Alleen decision, also sentenced him at the bottom of that advisory guideline ranges, which was effectively done in this case. I wanted to point out one thing, if the court will permit, and that is with respect to the possession with intent to distribute, the district court obviously orally heard at the Rule 29 motion, at the conclusion of the government's proof, the defendant's objection to Counts 4 and 5, charging the possession with intent and the 924C violation. The court also, post-trial, went through in detail, giving consideration against the standard that's applied in this scenario, the light most favorable to the government, and indicated and went through the evidence in this case that supported the possession with intent to distribute. And I just want to point out a few things. As this court knows, there was also a trash pull done where there were several bags of remnants of marijuana and other items that was done just prior to the execution of the search warrant. So that information was introduced at trial as well, that there was this trash pull from that residence, there was marijuana and marijuana residue recovered from the garbage at that location. And at trial, the evidence showed not only multiple bags of marijuana, that there were the digital scales that were on the counter in the kitchen next to marijuana, and Mr. Fuqua and Mr. Owens were both in the kitchen armed with firearms at the time. You're talking late at night, Your Honor, as well, late into the evening, and Mr. Fuqua... Well, Mr. Fuqua and Mr. Owens were in there armed with weapons, and Mr. Fuqua has over $1,600 cash on his person. That, in totality, with the marijuana there, the scales, the cash, all of that gives rise to, certainly supports the jury's... I think we understand your argument. I'm going to have to cut you off. Any further questions for either counsel? I'd simply ask the court to affirm the conviction in sentence. Thank you, Judge. Thank you. Like one minute or something? One minute. When you talk about strangling, look at the findings of fact made by the judge. No, that's not this case. No, no, it wasn't strangling. The judge said, I'm doing this because of the gun. Oh, I'm very aware of that. And you cannot do it because of the gun. Let me give you this citation, please. Firearms primer prepared by the Office of General Counsel, U.S. Sentencing Commission, page 32, says you cannot do it, you cannot enhance when you have a 924-C. I'll be sure to check that. Thank you. Also, thank you for accepting this assignment by the criminal justice. I appreciate that. Could I ask you, when you look at the briefs, to please also pay very close attention to the expert witness victim issue, which we feel very strongly about and we haven't had a chance to discuss it. You may adjourn the court. This honorable court is now adjourned.